UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSAUCE FOODS INDUSTRIAL CORP., LTD,<br><br>Plaintiff,<br><br>v.<br><br>SON FISH SAUCE USA CORPORATION,<br><br>Defendant. | Case No. 22-cv-08973-PCP   (SVK)<br><br>**ORDER ON JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. No. 57 |

Before the Court is the Parties' joint discovery submission regarding whether Plaintiff's Federal Rule of Civil Procedure 30(b)(6) designee may appear for a deposition remotely in lieu of travelling from Thailand to California to appear for an in-person deposition. Dkt. 57 (the "Joint Submission"). The Court has determined that the Joint Submission is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Joint Submission, relevant law and the record in this action, and for the reasons that follow, the Court **DENIES** Plaintiff's request to permit its Rule 30(b)(6) designee to appear for deposition remotely.

I.      **BACKGROUND**

Defendant initially noticed Plaintiff's Rule 30(b)(6) deposition to take place in the Northern District of California (*i.e.*, the forum in which Plaintiff commenced this action). *See* Joint Submission at 2. The Parties subsequently postponed the deposition. *See id.* at 3. Defendant eventually re-noticed the deposition and set the deposition for a location in Irvine, California (*i.e.*, a location in the Central District of California, which is where counsel for both Parties have an office). *See id.*

///

///

## II.      DISCUSSION

Plaintiff objects to requiring its Rule 30(b)(6) designee to appear for a deposition in California (and the United States); Plaintiff does not frame its objection in terms of requiring its designee to travel specifically to the Central District.  *See id.* at 2-4.  But prevailing law dictates that the proper place for Plaintiff's Rule 30(b)(6) deposition is the forum where Plaintiff chose to file suit.  Accordingly, and as explained more fully below, Plaintiff's Rule 30(b)(6) designee must appear for a deposition in person in the Northern District of California.  However, the Parties may stipulate to taking the deposition in another location in California.

### A.     **Plaintiff Misstates The Law**

First and foremost, Plaintiff falsely claims that Rule 26(c)(2) provides a "general requirement" that "the default location for the deposition of a corporation through its agents or officers should be its principal place of business, allowing for adjustments only when justice demands." *Id.* at 3.  In fact, Rule 26(c)(2), located in the section of Rule 26 addressing protective orders, is wholly unrelated to the instant dispute.[1]  There is no provision in Rule 26, or in Rule 30 which provides for oral depositions generally, that addresses the proper location for a party's Rule 30(b)(6) deposition.  Plaintiff's statement to the contrary, with unambiguous and erroneous attribution to Rule 26(c)(2), raises the specter that Plaintiff's counsel has violated Rule 11(b)(2), which provides that by submitting a filing, an attorney certifies that "the claims, defenses, and other legal contentions [contained therein] **are warranted by existing law** or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." (emphasis added).  The Court strongly cautions counsel for the Parties to proceed with great care in checking all legal citations in all future submissions to the Court and will address further misrepresentations of law appropriately.

///

///

---

[1] Rule 26(c)(2) provides as follows: "*Ordering Discovery.*  If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery."

### B. The Appropriate Forum For Plaintiff's Rule 30(b)(6) Deposition Is The Northern District Of California

"In determining the appropriate place for depositions, the trial court has broad discretion. However, as a general rule, '[a] plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'" *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-03477-CRB, 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (citations omitted). "Courts ordinarily presume that a plaintiff may be deposed in the judicial district where the action was brought, inasmuch as the plaintiff, in selecting the forum, has effectively consented to participation in legal proceedings there."[2] *Fenerjian v. Nong Shim Co., Ltd.*, No. 13-cv-04115-WHO, 2016 WL 1019669, at *2 (N.D. Cal. Mar. 15, 2016) (citation omitted). To override this presumption, a plaintiff bears "the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Mullins v. Premier Nutrition Corp.*, No. 13-cv-01271-RS, 2014 WL 4058484, at *1 (N.D. Cal. Aug. 15, 2014) (citations omitted).

Here, Plaintiff complains of only of an unspecified "substantial financial burden" and the "lengthy flight duration from Thailand to California." *See* Joint Submission at 2. Neither purported hardship presents an "exceptional or compelling" circumstance that justifies Plaintiff's "refusal to travel to [its] chosen forum." *Mullins*, 2014 WL 4058484, at *1. Indeed, issues of time and money present **ordinary** concerns attendant to travel. *Cf. Fenerjian*, 2016 WL 1019669, at *3 ("For the most part, the proffered declarations only show that the [plaintiffs] would face the usual difficulties and inconveniences in attending an out-of-state deposition—work and childcare responsibilities."). Accordingly, Plaintiff's Rule 30(b)(6) designee must appear for deposition in person in the Northern District of California.

///

---

[2] While it is a general practice for a corporate officer or employee to be deposed at the corporation's principal place of business, that practice primarily applies to depositions of corporate **defendants**. Plaintiffs choose the forum and may consider convenience in rendering that decision; defendants enjoy no such luxury. *See Music Grp. Macao Com. Offshore Ltd. v. Foote*, No. 14-cv-03078-JSC, 2015 WL 13423886, at *1 (N.D. Cal. Aug. 11, 2015); *HTC Corp. v. Tech. Props.*, No. 08-cv-00882-JF, 2008 WL 5244905, at *2 (N.D. Cal. Dec. 16, 2008); *Lexington*, 1999 WL 33292943, at *9.

## III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's request to permit its Rule 30(b)(6) designee to appear for deposition remotely. The designee must appear for deposition in person in the Northern District of California. The Parties may stipulate to taking the deposition in another location in California. The Joint Submission is **TERMINATED**.

**SO ORDERED.**

Dated: February 26, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge