UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUNSAUCE FOODS INDUSTRIAL CORP., LTD, <br><br> Plaintiff, <br><br> v. <br><br> SON FISH SAUCE USA CORPORATION, <br><br> Defendant. | Case No. 5:22-cv-08973-PCP <br><br> **ORDER DISMISSING CASE** <br> Re: Dkt. No. 85 |

Plaintiff Sunsauce Foods Industrial Corporation ("Sunsauce") brought this trademark infringement action against defendant Son Fish Sauce USA Corporation ("Son Fish Sauce"). Son Fish Sauce asserted counterclaims against Sunsauce challenging the validity of its trademark registration. Before the Court is Sunsauce's motion for entry of final judgment following the Court's grant of summary judgment in Son Fish Sauce's favor on Sunsauce's trademark infringement claims. For the following reasons, the Court dismisses the remaining claims in this case for lack of subject matter jurisdiction and denies Sunsauce's motion as moot.

**BACKGROUND**

Sunsauce is a Thailand-based company that produces and sells Thai-style sauces and related food products. Son Fish Sauce is a California-based company that produces and sells fish sauce in the United States. Sunsauce alleged that Son Fish Sauce's "SON SAUCE" mark is likely to cause confusion among consumers given Sunsauce's existing "SUNSAUCE" composite mark, which was registered with the USPTO under Section 44(e) in July 2013 in connection with sauces and related food products (Reg. No. 4,363,095) ("'095 Registration").

Several years after Sunsauce registered its mark with USPTO, Son Fish Sauce applied for a trademark for its SON SAUCE mark (both in word and design form). Its application was denied in

1   2020 based on the USPTO's finding of a likelihood of confusion with Sunsauce's SUNSAUCE
2   mark. Son Fish Sauce thereafter filed a petition with the Trademark Trial and Appeal Board in
3   June 2022 seeking to cancel Sunsauce's trademark registration on the ground that Sunsauce had
4   either abandoned its mark or failed to adequately use it in the United States. That cancellation
5   proceeding has been stayed pending resolution of this lawsuit.

6   Sunsauce filed this lawsuit on December 19, 2022, asserting a trademark infringement
7   claim under the Lanham Act, 15 U.S.C. § 1114; a common law trademark infringement claim; a
8   claim for unfair competition under California's Unfair Competition Law, Cal. Bus. & Prof. Code §
9   17200; and a claim for unfair competition under Section 43 of the Lanham Act, 15 U.S.C. §
10  1125(a).

11  Son Fish Sauce asserted counterclaims against Sunsauce seeking cancellation of the '095
12  Registration under 15 U.S.C. § 1064, a declaration that the '095 Registration is invalid, and a
13  declaration that Son Fish Sauce's mark does not infringe the '095 Registration or any common law
14  rights Sunsauce has in its mark. Son Fish Sauce alleged that Sunsauce's registration is void ab
15  initio because, at the time of its trademark application, Sunsauce lacked a bona fide intent to use
16  its mark in commerce. Son Fish Sauce also alleged that Sunsauce's registration should be
17  cancelled because Sunsauce fraudulently misrepresented its products' use in commerce in its 2019
18  Declaration of Use and Incontestability.

19  The parties filed cross-motions for summary judgment. In December 2024, the Court
20  granted Son Fish Sauce's motion for summary judgment as to Sunsauce's claims, denied Son Fish
21  Sauce's motion as to its own counterclaims, and denied Sunsauce's motion for summary
22  judgment. The only remaining claims in this case are Son Fish Sauce's counterclaims against
23  Sunsauce.

24  Sunsauce now moves for entry of final judgment or, in the alternative, for leave to file a
25  motion to dismiss the pending counterclaims for lack of jurisdiction.

26  **LEGAL STANDARD**

27  Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of*
28  *Am.*, 511 U.S. 375, 377 (1994). Article III of the U.S. Constitution authorizes them to adjudicate

only actual, ongoing cases or controversies between litigants. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001). If at any time during litigation a plaintiff ceases to "suffer[], or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," the matter is moot and the federal court no longer retains federal jurisdiction. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). If a federal court lacks jurisdiction over a case, it must dismiss the action. *Spencer Enters., Inc. v. United States*, 345 F.3d 683, 687 (9th Cir. 2003).

## ANALYSIS

The Court has a duty to ensure its subject matter jurisdiction at all times throughout the course of litigation. *Gros Ventre Tribe v. United States*, 469 F.3d 801, 815 (9th Cir. 2006). In its motion for entry of final judgment, Sunsauce raises questions about the Court's jurisdiction to adjudicate the remaining claims before it, contending that there is no remaining case or controversy over which the Court may exercise subject matter jurisdiction.

As noted above, the remaining claims before the Court are Son Fish Sauce's claim for cancellation of Sunsauce's trademark and its requests for declarations of non-infringement and invalidity. The question before the Court is whether any of these claims continue to present a live case or controversy following the dismissal of Sunsauce's infringement claim based on a determination that there is no likelihood of confusion between the parties' marks.

Son Fish Sauce's claim for cancellation does not present a live case or controversy because cancellation of a trademark is not an independent cause of action in the Ninth Circuit. *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Management, Inc.*, 744 F.3d 595, 599 (9th Cir. 2014) (cleaned up) ("[C]ancellation may only be sought if there is already an ongoing action that involves a registered mark; [the language of section 37 of the Lanham Act] does not indicate that a cancellation claim is available as an independent cause of action. Furthermore, each circuit to directly address this statutory language has held that it creates a remedy for trademark infringement rather than an independent basis for federal jurisdiction."); *San Diego Cnty. Credit*

3

1   *Union v. Citizens Equity First Credit Union*, No. 18CV967-GPC(MSB), 2020 WL 5797827, at *8
2   (S.D. Cal. Sept. 29, 2020) ("[C]ancellation under 15 U.S.C. § 1119 may be invoked as a remedy
3   only where there is otherwise proper Article III subject matter jurisdiction, or independent cause
4   of action, over some injury claimed concerning the validity or interference of a registered
5   trademark."). Because Sunsauce's infringement claim has been dismissed, Son Fish Sauce can no
6   longer pursue a derivative cancellation claim.

7        Son Fish Sauce maintains that the Court has jurisdiction over its counterclaims seeking
8   declaratory judgments of non-infringement and invalidity pursuant to the Declaratory Judgment
9   Act, 28 U.S.C. § 2201(a). The Act, however, does not create subject matter jurisdiction in the
10  absence of an Article III case or controversy. *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222
11  (9th Cir. 1998). To determine whether a case or controversy exists in a declaratory judgment
12  action regarding trademark infringement, the Ninth Circuit applies the "reasonable apprehension"
13  test. *San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1023 (9th
14  Cir. 2023). "[A] plaintiff has standing to seek declaratory relief of non-infringement if he
15  demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he
16  continues with his course of conduct." *Id.* (quoting *Societe de Conditionnement en Aluminium v.*
17  *Hunter Eng'g Co.*, 655 F.2d 938, 944–45 (9th Cir. 1981)).

18       Son Fish Sauce argues that it faces a threat of litigation from Sunsauce sufficient to
19  establish its standing to seek declaratory relief. It cites as evidence of that threat this lawsuit and
20  the fact that the parties have no covenant not to sue in the future. Sunsauce is certainly right about
21  its standing to pursue such relief immediately following the filing of this lawsuit. At that time, Son
22  Fish Sauce did not merely face a "real and reasonable apprehension" of future liability but had in
23  fact already been sued. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151 (9th Cir. 2007) (quoting 6
24  J. Thomas McCarthy, Trademarks and Unfair Competition § 32:53 (4th ed. 2007)) ("[I]f the
25  declaratory plaintiff has in fact been threatened with litigation for infringement ..., it should be
26  allowed to bring an action for declaratory judgment to determine non-infringement, and join with
27  it a claim of invalidity of the mark and a prayer for cancellation of the declaratory defendant's
28  federal registration."); *Green Edge Enterprises, LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287,

United States District Court
Northern District of California

4

1300 (Fed. Cir. 2010) ("[A] party that has been sued for trademark infringement has established declaratory judgment jurisdiction to allege noninfringement and invalidity. To hold otherwise would prevent a defendant from raising defenses to the charge against it.").

But "the circumstances that prevailed at the beginning of the litigation" have changed, "foreclos[ing] the possibility of [Son Fish Sauce] obtaining meaningful relief by pursuing its [declaratory relief] claim." *San Diego Cnty. Credit Union*, 65 F.4th at 1031 (cleaned up). This Court has rejected Sunsauce's infringement claims because there is no likelihood of confusion between the parties' marks. Unless this Court's decision is overturned on appeal, issue preclusion will prevent Sunsauce from asserting its trademark infringement claims against Son Fish Sauce in the future. There is therefore little likelihood that Son Fish Sauce will be subject to future liability arising from Sunsauce's trademark rights. Under these changed circumstances, Son Fish Sauce no longer has a reasonable apprehension of future liability sufficient to establish a case or controversy under Article III.

**CONCLUSION**

Because there is no longer a live case or controversy before the Court, Son Fish Sauce's remaining counterclaims are dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**
Dated: February 5, 2025

P. Casey Pitts
United States District Judge